## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| **MICHAEL J. POLLACK and ELAINE G. POLLACK,** | Case No. 17-18146-amc |
| Debtors. | |

## ORDER

Upon consideration of the Motion (the "Motion") filed by Gary F. Seitz, Chapter 7 Trustee (the "Trustee) of the bankruptcy estate of Michael J. Pollack and Elaine G. Pollack, for the entry of an Order Authorizing the Trustee to Sell Real Property located at 2089 N. Line Street, Lansdale, PA 19446 (the "Real Property") Free and Clear of Liens, Claims and Interests Pursuant to Section 363(b) and (f) of Title 11 of the Bankruptcy Code, and the Court being satisfied that:

(i)     the sale of the Real Property is necessary and is in the best interest of the Trustee, Debtors, their creditors and their estates;

(ii)    the sale of the Real Property contemplated by the Motion being a sound exercise of the Trustee's business judgment and being in good faith;

(iii)   the sale of the Real Property is the product of good faith, arm's length negotiations between the Trustee and Buyer.

(iv)   and appearing that notice of the Motion having been given to the Office of the United States Trustee, the Debtors, creditors and other notice parties;

(v)    and it appearing that no other notice need be given;

(vi)   this Court having jurisdiction over the Motion;

(vii)  after any proceedings in respect of this matter; and

(viii)   sufficient cause appearing therefore, it is hereby:

ORDERED that pursuant to §§ 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized and empowered to sell the Real Property, where is, as is, without representation, warranty, statement or guaranty whether express or implied, free and clear of interests (unless otherwise provided in the Motion), for due consideration pursuant to the Agreement of Sale, attached to the Motion as <u>Exhibit A</u>; and it is further

ORDERED, the Undisputed Liens (as defined in the Motion), the Broker Fee and typical closing costs may be paid at closing; and it is further

ORDERED, the Disputed Liens (as defined in the Motion) shall not be paid at closing and shall attach to the proceeds of the sale; and it is further

ORDERED that Pursuant to Bankruptcy Rules 6004(h), 7062 and 9014 this Order shall be effective and enforceable immediately upon entry, and the Trustee and the Buyer are authorized to close the Sale immediately upon entry of this Sale Order.  The stay required under Bankruptcy Rule 6004(h) and is hereby waived.

Dated:  Philadelphia, Pennsylvania

**February 27**, 2019

_____
ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

18